IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Dixie Plumbing Specialties, Inc., a Georgia corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Cain Industries, Inc., a Wisconsin corporation, and John Does 1–5,<br><br>　　　　　　　Defendants.<br>_____/ | Case No. 1:17-cv-03866<br><br>Michael L. Brown<br>United States District Judge |

## ORDER

Plaintiff Dixie Plumbing Specialties, Inc., claims Defendant Cain Industries, Inc. sent it an unauthorized fax, in violation of the Telephone Consumer Protection Act ("TCPA"). (Dkt. 21.) After Plaintiff amended its complaint with leave of Court, Defendant again moves for dismissal of Plaintiff's class action allegations. (Dkt. 24.) The Court grants Defendant's motion for the class action allegations but allows the individual claim to proceed.

## I. Factual Background

Plaintiff claims Defendant sent it an unsolicited and unauthorized fax. (Dkt. 21 ¶ 3.) The fax was a two-page letter looking for someone to represent Defendant's line of products. (Dkt. 21-1.) Plaintiff claims it had not given Defendant permission or express invitation to send the fax. (Dkt. 21 ¶ 22.) Plaintiff claims Defendant sent the same unsolicited fax to "at least 39 other recipients" and seeks to represent a class of all companies and entities to whom Defendant sent unauthorized faxes in the four years before Plaintiff filed this lawsuit. (*Id.* ¶¶ 24, 26.)

After finding Plaintiff's original complaint deficient and granting Defendant's motion to dismiss, the Court provided Plaintiff with a chance to fix its complaint by adding the necessary factual allegations. (Dkt. 20 at 11–12.) Plaintiff amended its complaint and Defendant now moves to dismiss the class action allegations. (Dkts. 21; 24.)

## II. Legal Standard

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable

to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Even so, a complaint offering mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This so-called "plausibility standard" is not a probability requirement. But the plaintiff must allege enough facts so that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id.*

### III. Discussion & Analysis

In its previous order on Defendant's first motion to dismiss, the Court explained the TCPA, its policy rationales, and the elements of successfully pleading a claim. (Dkt. 20 at 4.) The Court incorporates by reference its prior discussion.

### A. Plaintiff's Individual Claim

Plaintiff alleges an individual claim under the TCPA for the fax it received on January 23, 2015, attached to the amended complaint as Exhibit A. (Dkts. 21 ¶ 13; 21-1.) In its renewed motion to dismiss, Defendant concedes that Plaintiff's individual claim now properly pleads the necessary elements and does not move to dismiss it. (Dkt. 24-1 at 3.) The motion thus "addresses Plaintiff's failures concerning the class allegations, not its individual claim with respect to Exhibit A." (*Id.*) Finding no opposition, the Court allows Plaintiff's individual claim to proceed.

### B. Plaintiff's Class Action Allegations

Having allowed Plaintiff to revise its complaint and include the necessary factual basis for its class action allegations, the Court still finds its allegations deficient and subject to dismissal.

In its prior order, the Court cautioned Plaintiff that it could not "merely re-allege its claim that Defendants sent the same fax to a bunch of other entities without authorization. It must include some factual basis for this allegation." (Dkt. 20 at 11.) Plaintiff did not do that. It continues to rely on pure speculation. Plaintiff, for example,

hypothesizes that the ad "took substantial time and effort to create" and therefore "it is plausible . . . that Defendants expended the substantial time and effort required to create [the advertisement] in order to send it to 40 or more fax numbers." (Dkt. 21 ¶¶ 24(e)–(f).) This is not a factual allegation. It is an assumption, a hypothesis, or an educated guess — maybe all three. But it is not legally sufficient to state a claim.

Plaintiff also makes the farcical (and plainly incorrect) allegation that the originating fax number at the top of the ad contains a country code of "995," the international code for the *country* of Georgia, in Eastern Europe. (Dkt. 21 ¶ 21(i).) Plaintiff then extrapolates that, because the advertisement "was sent from an originating fax number in the country of Georgia, rather than from an originating fax number in Wisconsin, [it] makes it implausible that [the ad] was manually sent separately to Plaintiff's fax number on a one-off basis" and instead contends that the ad "was sent to Plaintiff's fax number, along with a list of at least 39 other fax numbers, using a computer." (*Id.* ¶ 21(j).)

This argument presents multiple problems. First, the Court notes that the ad has "855" listed on the top, not "955." (Dkt. 21-1 at 2.) Plaintiff's bizarre ruminations about the Eastern European origins of the

5

fax thus have no basis in reality or relevance.[1]  But more importantly, Plaintiff continues to rely on mere speculation and conjecture.  The amended complaint contains no facts to support Plaintiff's allegation that Defendant sent faxes using a computer.  Such unreasonable jumps in logic cannot sustain a "plausible" complaint to withstand a motion to dismiss.

Plaintiff scatters the term "plausible" throughout its complaint, perhaps to remind the Court that it need only make out a "plausible case" under the federal pleading standards.  *See Iqbal*, 556 U.S. at 678. Yet calling speculations "plausible" does not make them so.  *See Smith v. City of Sumiton*, 578 F. App'x 933, 936 (11th Cir. 2014) (noting that "a plaintiff cannot rely on naked assertions devoid of further factual enhancement"

---

[1] Plaintiff concedes this error in its response brief. (Dkt. 29 at 5 n.1.) The Court, however, still mentions it to highlight the grasping-at-straws nature of Plaintiff's factually-insufficient class allegations.  And the Court also mentions it to stress its concerns about Plaintiff's certification of its representations to the Court under Rule 11.  *See* FED. R. CIV. P. 11(b) (noting that all representations to the court must be "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances").  Defendant also includes a footnote in its brief outlining potentially questionable behavior by Plaintiff's counsel in other similar putative class-action cases.  Those allegations — while troubling — are immaterial to the Court's decision.

(internal quotation marks omitted)); *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (declining to take as true conclusory allegations based on "information and belief").

And Plaintiff's insistence that it must be granted discovery to develop the basic facts of its allegations does not persuade the Court. Plaintiff may not "sue indiscriminately in federal court and hope that discovery will reveal the existence of a claim." *Rohde v. Bank of Am., N.A.*, No. 1:12-CV-03059-SCJ, 2014 WL 11485915, *4 (N.D. Ga. May 30, 2014), aff'd, 591 F. App'x 932 (11th Cir. 2015) ("[T]o survive a motion to dismiss, Plaintiff cannot simply allege that he 'expects' facts supporting his allegations will be revealed through discovery."). The Court finds Plaintiff's allegations, which merely track the statutory language, conjectural and unsupported by even the bare minimum of facts. *See Cooke v. BAC Home Loans Servicing, LP*, No. 1:11-CV-2126-TWT, 2011 WL 4975386, at *6 (N.D. Ga. Oct. 18, 2011) (dismissing claims that merely tracked the statutory language with no additional factual support).

While "in most cases, it is necessary to go beyond pleadings and allow for discovery and/or an evidentiary hearing," the Court finds here

that "the propriety of class certification is evident from the pleadings" and from Plaintiff's conduct here. *See Senior Care Grp., Inc. v. Red Parrot Distrib., Inc.*, No. 8:17-cv-760-T-27TGW, 2017 WL 3288288, at *1 (M.D. Fla. Aug. 1, 2017). The Court finds support in the lengths to which Plaintiff is willing to go to salvage its class allegations. The Court agrees with Defendant that "[t]his gobbledygook of words strung together in a desperate effort to overcome the lack of factual information does nothing, once again, to nudge the line from conceivable to plausible." (Dkt. 24-1 at 16 (citing Dkt. 20 at 9).)

After carefully considering Plaintiff's amended complaint and the motion to dismiss it, the Court finds that the class allegations in Plaintiff's amended complaint suffer from the same fatal deficiencies as those in its first complaint. *See Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 1418607, at *6 (M.D. Fla. Mar. 27, 2015) (finding deficient identical class action allegations, filed by same plaintiff's counsel as this case). The Court thus incorporates by reference its extensive analysis from its order on Defendant's first motion to

8

dismiss and now grants Defendant's motion to dismiss Plaintiff's class action allegations.[2] (*See* Dkt. 20 at 8–10.)

## IV. Conclusion

The Court **GRANTS** Defendant Cain Industries, Inc.'s Motion to Dismiss (Dkt. 24) as to Plaintiff's class action allegations. Because Defendant did not move to dismiss Plaintiff's other claim, the Court allows Plaintiff's individual claim based on the single transmission of Exhibit A to proceed.

**SO ORDERED** this 27th day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Defendant's motion to dismiss the class action allegations, the Court does not address the parties' arguments about injunctive relief versus money damages. (*See* Dkts. 24-1 at 21; 30 at 13.)

9